IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLEN HOGUE                                                                                                    PLAINTIFF

v.                                            CIVIL NO. 21-cv-2021

KILOLO KIJAKAZI,[1] Acting Commissioner                                              DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Glen Hogue, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.   Procedural Background

Plaintiff protectively filed his application for DIB on October 20, 2017. (Tr. 366). In his application, Plaintiff alleged disability beginning on June 5, 2017, due to diabetes, a history of three back surgeries, a history of left knee surgery and two right knee surgeries. (Tr. 366, 545).

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

An administrative hearing was held on September 3, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 366, 383–420). A vocational expert (VE) also testified at the hearing.

On February 20, 2020, the ALJ issued an unfavorable decision. (Tr. 366–376). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: osteoarthritis/degenerative disc disease of the lumbar spine status post-multiple surgeries; post laminectomy syndrome; osteoarthritis/degenerative disc disease of the cervical spine; osteoarthritis/degenerative joint disease of the left shoulder; diabetes mellitus; osteoarthritis/degenerative joint disease of bilateral knees; and a history of bilateral arthroscopic surgeries. (Tr. 368–69). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 369). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR §404.1567(b) except that he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk six hours out of an eight hour workday; can sit six hours out of an eight hour workday; can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds; can occasionally balance and stoop, but can perform no kneeling, crouching, or crawling; can occasionally reach bilaterally; and must avoid concentrated exposure to temperature extremes, humidity and hazards.
> (Tr. 369–75).

With the help of a vocational expert, the ALJ found Plaintiff would be able to perform his past relevant work as a newspaper circulation manager. (Tr. 375-76). The ALJ found Plaintiff was not disabled from June 5, 2017, through February 20, 2020, the date of this decision. (Tr. 376). Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 19, 25).

I.  **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted for at least one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given Plaintiff's age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final step is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520.  While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

### III. Discussion

Plaintiff the following points on appeal: 1) Whether the RFC was inconsistent with the evidence; and 2) Whether Plaintiff could return to his past relevant work. (ECF No. 19). Plaintiff argues that new evidence, particularly an MRI of his left shoulder taken on March 3, 2020, less than two weeks after the ALJ's decision and which resulted in a referral for surgery, is new and material evidence that relates back to the relevant time period and should have been evaluated by the Appeals Council. (Tr. 13–14, 19–21). Defendant argues the ALJ correctly considered the evidence of record and that Plaintiff failed to show the ALJ committed reversible error.

Whether evidence is actually new, material, and related to the adjudicated period is a question of law the court reviews de novo. *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). *Lucas v. Saul,* 2019 WL 4221519 (E.D. Mo. September 5, 2019). "A sentence four remand is appropriate where the Appeals Council erred by not evaluating new evidence required by the regulations." *Id.* citing *Svoboda v. Berryhill*, No. 4:17 CV 2437 (JMB), 2018 WL 3036464, at 8 (E.D. Mo. June 19, 2018)). The MRI of Plaintiff's left shoulder did not exist on February 20,

2020, when the ALJ issued his decision, and this fact serves as cause sufficient to excuse Plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala,* 7 F.3d 1397, 1398 (8th Cir.1993) citing *Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991). With respect to the issue of materiality, medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. *Thomas,* 928 F.2d at 260, quoting *Williams v. Sullivan,* 905 F.2d 214, 216 (8th Cir.1990); *Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir.1984)("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insures status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status."). It is clear that these post-decision medical records relate to the period before the ALJ's decision as Plaintiff's left shoulder impairment was clearly an issue during the time period in question. The ALJ considered medical evidence regarding Plaintiff's treatment for pain in his left shoulder, and included some limitations in the RFC findings. (Tr. 369–75). However, the ALJ could not have considered the full extent of Plaintiff's impairment or the limitations stemming from such impairment without the benefit of the new medical evidence.

After reviewing the entire record, the Court finds that remand is appropriate for consideration of the additional medical evidence dated February 20, 2020, through June 1, 2020. This evidence appears to indicate that Plaintiff's left shoulder impairment imposed limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicate, and this evidence could have changed the outcome of the ALJ's decision.

### IV.  Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

    IT IS SO ORDERED this 1st day of March 2022.

                                        /s/ *Christy Comstock*
                                        HON. CHRISTY COMSTOCK
                                        UNITED STATES MAGISTRATE JUDGE